UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| XEROX CORPORATION, a New York Corporation,<br><br>           Plaintiff,<br><br>vs.<br><br>PRINTING AND MAILING SOLUTIONS, INC., a Nevada Corporation, MASTER MAILERS, INC., a Nevada Corporation, NEVADA MARKETING SYSTEMS, INC., a Nevada Corporation, QUALITY PRINTING, INC., a Nevada Corporation, MARIO CASTRO, an individual, MIGUEL CASTRO, an individuals, LETICIA CASTRO, an individual, IRMA CASTRO, an individual; DOES I - X, and ROE CORPORATIONS I - X, inclusive,<br><br>           Defendants. | Case No.: 2:09-cv-00653-RLH-LRL<br><br>**O R D E R**<br><br>(Motion for Summary Judgment–##70/71) |

      Before the Court is Plaintiff Xerox Corporations' **Motion to Strike Defendants' Answer, Amended Answer and Counterclaim, and Enter Default Judgment, or in the Alternative, Motion for Summary Judgment** (##70/71), filed May 19, 2010.  The Court has also considered Defendants Quality Printing, Inc. and Leticia Castro's Opposition (#85), filed July 16, 2010, and Xerox's Reply (#89), filed July 23, 2010. No other Defendants filed an opposition.

BACKGROUND

      Xerox leased photocopying equipment to some of the Defendants and entered a maintenance agreement with one of them. Xerox alleges Defendants ceased making payments under the agreements in or around November 2008 and have unlawfully retained possession of the

equipment. Xerox filed this suit alleging breach of contract/breach of guaranty, breach of the covenant of good faith and fair dealing, claim and delivery, and alter ego.

In the motion before the Court, Xerox alleges that the corporate Defendants are no longer represented by counsel, in violation of the Court's local rules and governing case law, and argues that as a result Defendants' Answer, Amended Answer and Counterclaim should be stricken and default judgment entered against them. Alternatively, Xerox argues it is entitled to summary judgment on all of its claims against the corporate Defendants because they have not produced any evidence in support of their defenses. Defendants Quality Printing and Leticia Castro obtained counsel and filed an opposition, after which Xerox withdrew its motion to strike Quality Pricing. The remaining Defendants appear to have completely ceased participating in this case since their counsel withdrew in May. For the reasons stated below, the Court denies Xerox's motion to strike and for default judgment, denies its motion for summary judgment, and orders that the corporate Defendants obtain counsel within 60 days or the Court may enter default judgment against them.

**DISCUSSION**

**I.   Motion to Strike and Enter Default**

"A corporation may appear in federal court only through licensed counsel." *U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993). Similarly, Local Rule 9010 provides that "[a]ny corporation, partnership, or other business entity, except when acting as bankruptcy trustee for a corporation or partnership, must be represented by an attorney." *See also* 28 U.S.C. § 1654.  Defendants Printing and Mailing Solutions, Inc., Master Mailers, Inc., and Nevada Marketing Systems, Inc. were represented by counsel until the Court granted their counsel's motions to withdraw on April 4 and May 11, 2010. (*See* Dkt. ##53, 65.) Those entities have not since retained counsel or responded to Xerox's Motion. But the Court will not strike those Defendants' pleadings unless those Defendants have violated an order of the Court. The Court therefore orders that those Defendants obtain counsel and ensure that the new counsel

informs the Court of their identities and contact information within 60 days of the date of this order. If they do not comply with this Order, the Court may strike those Defendants' pleadings and enter default judgment against them.

**II.     Motion for Summary Judgment**

Given the Court's ruling on Xerox's motion to strike and enter default, it need not reach the merits of Xerox's motion for summary judgment at this time, and denies it without prejudice. If the remaining corporate Defendants retain counsel, Xerox may refile its motion for summary judgment and the Court will consider it. If the remaining corporate Defendants continue their failure to participate in this case, the standards and processes governing default judgment—not summary judgment—will apply.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Xerox Corporation's Motion to Strike Defendants' Answer, Amended Answer and Counterclaim, and Enter Default Judgment (##70/71) is DENIED.

IT IS FURTHERED ORDERED that Defendants Printing and Mailing Solutions, Inc., Master Mailers, Inc., and Nevada Marketing Systems, Inc. shall retain counsel within 60 days of the date of this Order, or their pleadings may be stricken and their default entered.

IT IS FURTHER ORDERED that Xerox's alternative Motion for Summary Judgment (##70/71) is DENIED.

The Court instructs the Clerk of the Court to send hard copies of this Order to Defendants Printing and Mailing Solutions, Inc., Master Mailers, Inc., and Nevada Marketing Systems, Inc. by certified mail.

Dated: August 23, 2010.

_____
ROGER L. HUNT
Chief United States District Judge