1
2
3
4
5
6
7
8
9          **UNITED STATES DISTRICT COURT**

10             **DISTRICT OF NEVADA**

11                    * * *

12  XEROX CORPORATION, a New York          Case No.: 2:09-cv-00653-RLH-LRL
13  Corporation,                       )
                                       )
14            Plaintiff,               )          **O R D E R**
                                       )
15       vs.                           )       (Motion to Strike–#106)
                                       )
16  PRINTING AND MAILING SOLUTIONS,    )
    INC., a Nevada Corporation; MASTER )
17  MAILERS, INC., a Nevada Corporation; )
    NEVADA MARKETING SYSTEMS, INC., a )
18  Nevada Corporation; QUALITY PRINTING, )
    INC., a Nevada Corporation; MARIO   )
19  CASTRO, an individual; MIGUEL CASTRO, )
    an individual; LETICIA CASTRO, an    )
20  individual; IRMA CASTRO, an individual, )
                                       )
21            Defendants.              )
    _____)

22          Before the Court is Plaintiff Xerox Corporation's **Motion to Strike** (#106, filed

23  Jan. 13, 2011).  Defendants did not file an opposition.

24                       **BACKGROUND**

25          Xerox leased photocopying equipment to certain Defendants and entered a

26  maintenance agreement with one of them.  Xerox alleges Defendants ceased making payments

AO 72
(Rev. 8/82)

1 under the agreements sometime around November 2008 and unlawfully retained possession of the

2 equipment.  Xerox filed this suit alleging breach of contract/breach of guaranty, breach of the

3 covenant of good faith and fair dealing, claim and delivery, and alter ego.

4        In May 2010, Xerox filed its first motion to strike, arguing that the corporate

5 Defendants' Answer (#15) and Amended Answer and Counterclaim (#40) should be stricken and

6 default judgment entered against them because the corporate Defendants were not represented by

7 counsel, which is a violation of the Court's local rules and the governing case law.  On August 23,

8 2010, the Court denied Xerox's motion and ordered the corporate Defendants to retain counsel

9 within 60 days or their pleadings would be stricken and default judgment would be entered against

10 them. (Dkt. #92, Order).  Defendants failed to comply with the Court's order.  Xerox has now

11 filed a renewed motion to strike the corporate Defendants' pleadings.  For the reasons discussed

12 below, the Court grants both of Xerox's motion.

13 **DISCUSSION**

14 **I.     Motion to Strike**

15     **A.     Legal Standard**

16        "A corporation may appear in federal court only through licensed counsel."  *U.S. v.*

17 *High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993).  Similarly, Rule 9010 of the

18 Local Rules of Practice provides that "[a]ny corporation, partnership, or other business entity,

19 except when acting as bankruptcy trustee for a corporation or partnership, must be represented by

20 an attorney."  *See also* 28 U.S.C. § 1654.  Entering default judgment against a corporation is a

21 permissible where it is not represented by counsel.  *United States v. High Country Broadcasting*

22 *Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993).

23     **B.     Analysis**

24        In this case, the corporate Defendants are not represented by legal counsel, in

25 violation of this Court's order (#92).  Defendants cannot proceed *pro se* under Nevada law or the

26 rules of this Court.  Accordingly, the Court grants Xerox's motion and strikes the corporate

AO 72
(Rev. 8/82)

1  Defendants' Answer (#15) and Amended Answer and Counterclaim (#40).  The Court will instruct

2  the Clerk of the Court to enter default against corporate Defendants Printing and Mailing

3  Solutions, Inc., Master Mailers, Inc., Nevada Marketing Systems, Inc., and Quality Printing, Inc.

4  However, the Court declines to enter a default judgment at this time.  To receive a default

5  judgment, Xerox must file a separate motion with an affidavit from someone who has personal

6  knowledge of the facts and who can provide admissible evidence establishing the amount of the

7  judgment.  Such motion must also be served on the remaining individual Defendant.

8                                         **CONCLUSION**

9          Accordingly, and for good cause appearing,

10         IT IS HEREBY ORDERED that Xerox's Motion to Strike (#106) is GRANTED.

11         IT IS FURTHER ORDERED that the following be stricken from the record:

12                 •      Answer to Complaint (#15)

13                 •      Amended Answer to Complaint, Affirmative Defenses, and

14                        Counterclaim (#40)

15         IT IS FURTHER ORDERED that the Clerk of the Court enter default against

16  corporate Defendants Printing and Mailing Solutions, Inc., Master Mailers, Inc., Nevada

17  Marketing Systems, Inc., and Quality Printing, Inc.

18         Dated: June 6, 2011

19

20                                                     **ROGER L. HUNT**
                                                       **United States District Judge**

21

22

23

24

25

26