UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| XEROX CORPORATION, a New York Corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>PRINTING AND MAILING SOLUTIONS, INC., a Nevada Corporation; MASTER MAILERS, INC., a Nevada Corporation; NEVADA MARKETING SYSTEMS, INC., a Nevada Corporation; QUALITY PRINTING, INC., a Nevada Corporation; MARIO CASTRO, an individual; LETICIA CASTRO, an individual, IRMA CASTRO, an individual; DOES I–X, and ROE CORPORATIONS I–X, inclusive,<br><br>    Defendants. | Case No.: 2:09-cv-00653-RLH-LRL<br><br>**O R D E R**<br><br>(Motion for Summary Judgment–#107) |

   Before the Court is Plaintiff Xerox Corporation's **Motion for Summary Judgment** (#107, filed January 14, 2011) against Leticia Castro. Castro did not file an opposition.

   Local Rule 7-2(d) provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. *Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989). Courts have long held that a district court's local rules

1

have the force of law equal to the federal rules or acts of Congress. *United States v. Hvass*, 355 U.S. 570, 574-75 (1958); *see also Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995). The United States Supreme Court itself has upheld the dismissal of a matter for failure to respond under the local court rules. *Black Unity League of Ky. v. Miller*, 394 U.S. 100, 100-01 (1969). Accordingly, Castro's failure to file points and authorities in opposition to Xerox's motion for summary judgment constitutes a consent that the motion be granted. However, even reviewing the motion on its merits, the Court finds that it should be granted.

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

The Court finds that Xerox has met its burden of showing that there is no material factual dispute as to their claims. Xerox's undisputed evidence demonstrates that Defendants breached several lease agreements entered into with Xerox, which breach damaged Xerox in the amount of approximately $706,601.52. The evidence Xerox produced also demonstrates that the individual Defendants, including Leticia Castro, acted as the alter ego of the corporate Defendants.

Accordingly, the Court finds that it would sanction a fraud and injustice against Xerox if Castro was not held personally liable for Xerox's damages. In addition, Castro has obviously failed to set forth any facts showing that a material factual dispute exists as to Xerox's claims since she did not respond to the motion.

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Xerox's Motion for Summary Judgment (#107) is GRANTED.

Dated: July 12, 2011

_____
**ROGER L. HUNT**
**United States District Judge**